UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA
BATON ROUGE DIVISION

AISHA TRIMBLE, *Pro se.*　　　　　　CIVIL DOCKET NO.

　　　　Plaintiff

v.

LOUISIANA STATE UNIVERSITY SYSTEM　　JUDGE
("LSU"), LOUISIANA STATE UNIVERSITY
AGRICULTURAL CENTER ("LSU AGCENTER")

　　　　Defendants　　　　　　　　MAGISTRATE JUDGE

U.S DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA
FILED MAY 3 1 2022
CLERK

## COMPLAINT OF HIRING DISCRIMINATION

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT, IN AND FOR THE MIDDLE DISTRICT OF LOUISIANA, BATON ROUGE DIVISION:

This Complaint of AISHA TRIMBLE, who is a resident of Livingston Parish, State of Louisiana, pleading and conducting her own case personally before the Court as per 28 U.S.C., Section 1654, represents that this is a civil action against LSU and LSU AGCENTER, based on acts of Employment Discrimination (race, color, disability, disabled veteran, and protected veteran status) and Age Discrimination.

### A.

### Jurisdiction

1. The Jurisdiction of this Honorable Court is invoked under 28 U.S.C., Section 1331, as the allegations believed and claimed herein pertain to the following laws arising under the United States: Title VII of the Civil Rights Act of 1964 ("Title VII"), Americans with Disabilities Act of 1990 ("ADA"), Vietnam Era Veterans' Readjustment Assistance Act of 1974 ("VEVRAA"), and the Age Discrimination in Employment Act of 1967 ("ADEA").

2. Jurisdiction against the Defendants is bestowed upon this Court by 28 U.S.C., Sections 1331 (Federal Question) and 1343 (Civil Rights).

1

3. The hiring discrimination events described under this Complaint took place within the Middle District of Louisiana, United States of America. Venue is appropriate in this Court.

4. The Plaintiff's Complaint allegations are based on acts of Employment Discrimination (race, color, disability, disabled veteran, and protected veteran) and Age Discrimination, against LSU and LSU AGCENTER in the State of Louisiana, and within the Judicial district.

5. The Plaintiff <u>does not</u> seek to frivolously burden the United States Government and the public, to harass the Defendant(s) or to realize unwarranted and/or excessive monetary gain by bringing forth this Complaint.

6. The Plaintiff brings forth this Compliant in the interest of Justice and Integrity, and for Judicial Reform against the Defendants' unethical hiring practices, illegal and discriminatory hiring acts, and the Defendants' exploitation of protected classes of People (e.g., Black, White, Asian, Hispanic, Gay, Transgender, Single, Disabled, Over the Age of 40, and/or Protected Veterans), executed through the Defendants' ongoing activities of hiring from the coffers of Family and Friends, while simultaneously conducting illegal, deceptive, humiliating and misleading fake (sham) job interviews.

B.

Parties

7. Plaintiff, AISHA TRIMBLE, is a resident of Livingston Parish, State of Louisiana. She is currently Unemployed as of the filing date of this Complaint.

8. Defendant, LSU, is a System of public colleges and universities in Louisiana, and its System entity, LSU AGCENTER is an agriculture research institution that performed the employment hiring actions and alleged discriminatory hiring conduct stated in this Complaint.

C.

Statement of Facts

9. Plaintiff is a 43-year-old, dark-brown colored, disabled veteran of the United States

Army, with over 12 years of experience as an Executive Assistant directly supporting multiple, senior-level Executives in positions of Vice President and above, across public sector, private sector, and collegiate work environments.

10. Plaintiff's military service in the United States Army began on August 28, 1996, and she was honorably discharged on June 19, 2000, after serving on active duty as a Combat Medic, 91 Bravo during a time in which campaign badges or medals were awarded.

11. In November 2021, Plaintiff applied for LSU AGCENTER job vacancy, Executive Assistant to the VP and Dean ("the vacancy") and disclosed her protected veterans' status on her application. The Plaintiff applied with full understanding that she <u>was</u> entitled to fair consideration for employment based on her experience and/or education, and she <u>was not</u> entitled to employment based on the color of her skin, her race, and/or her protected veterans' status. The Plaintiff selected *"I Don't Wish to Answer"* in the Disability Section of the application, and she attached her resume that included her photo, in the same manner as photos are displayed on the online, social employment profiles for members of www.linkedin.com . At the time of her application, the Plaintiff was employed as a remote Executive Assistant supporting four Chief-level Executives, in a Contractor (temporary) capacity for the Office of the Texas Attorney General.

12. The vacancy required a Bachelors' Degree and 3 years of Executive Assistant experience, or an equivalent combination of education and/or experience.

13. On December 3, 2021, the Defendant granted the Plaintiff, a <u>*QUALIFED*</u> applicant under the vacancy, the opportunity to move forward in the Defendants' hiring process by holding a formal, in-person Interview with the Plaintiff. The interview was held at 101 J. Norman Efferson Hall, Baton Rouge, LA, at 9:15 AM CST, with the Defendants' Hiring Team and Interview Panelists ("Panelists"), Dr. Lucien Laborde (white), Mr. Hampton Grunewald (white) and Mrs. Monica Guient (light-beige colored, Black American).

3

14. The Defendants' Hiring Decision under the vacancy was influenced and determined by the collective opinions and feedback of all Panelists.

15. Two additional candidates, Claire Bullock and Kathryn Stark, were interviewed for the vacancy, on the same day.

16. The Plaintiff's resume demonstrated military training, two years of Community College education and 12.5 years of Executive Assistant experience supporting multiple, senior-level Executives across public, private sector and collegiate environments.

17. Ms. Bullock's resume demonstrated a Bachelor's Degree, Business Administration and <u>zero</u> years of Executive Assistant experience. Ms. Bullock has <u>never</u> held the job titles Administrative Assistant, Executive Assistant, Executive Administrator or Office Manager.

18. Ms. Stark's resume demonstrated a Master's Degree, Teaching and <u>zero</u> years of Executive Assistant experience. Ms. Stark has <u>never</u> held the job titles Administrative Assistant, Executive Assistant, Executive Administrator or Office Manager.

19. The Plaintiff held the most years of required Executive Assistant experience amongst all three Interviewees, and the Defendants' Human Resources Department considered the Plaintiff to be a <u>*QUALIFIED*</u> applicant.

20. Dr. Laborde opened the Plaintiff's interview with the Panelists and the Plaintiff by thanking the Plaintiff for her military service. Both Dr. Laborde and Ms. Guient mentioned their respective fathers' service in the United States military during the interview and expressed to the Plaintiff an understanding of what it means "to serve".

21. The interview went on with the Panelists discussing their individual roles, the responsibilities under the vacancy and directing some questions to the Plaintiff about her work experience as an Executive Assistant.

22. During the interview, Mr. Grunewald disclosed to the Plaintiff that he is in an Executive position at LSU AGCENTER, under Dr. Laborde, and he is married to Dr. Laborde's niece.

Making hiring decisions based on the influence of family members' bias and family members' recommendations and opinions is unethical. As a publicly funded institution of higher learning, the Defendant has public duty to uphold and foster fair, honest, impartial and unbiased hiring practices, and to abstain from filling its' staffing ranks from the coffers of Family and Friends.

23. Towards the end of the interview, Dr. Laborde asked the Plaintiff if she'd like to see the area where she would perform her work under the vacancy.

24. The Panelists walked the Plaintiff to her supposed work area, allowing her to see the seating location next to Dr. Laborde's office. Dr. Laborde showed the Plaintiff his office, and he mentioned that he currently had plenty of expense items to be processed, and he looked forward to filling the vacancy soon.

25. Upon returning to the interview area, Mr. Grunewald sat down and asked the Plaintiff where she was stationed while serving on active duty in the United States Army. Also, Mr. Grunewald asked the Plaintiff if she completed any combat tours of duty. Plaintiff is strongly convinced that the Defendant held suspicions and bias against Plaintiff possibly being a disabled veteran with PTSD, or any other service-connected mental disability, whereby hiring discrimination due to such held beliefs is prohibited by law.

26. The Plaintiff told Mr. Grunewald, in front of all Panelists, that she was stationed at Fort Polk and Fort Bliss during active duty, and she'd never been deployed to a combat zone but had served in a Field Hospital Unit wherein some of her Comrades were deployed to Bosnia for a period. The Plaintiff felt considerable feelings of Anxiety while making this statement to the Panelists.

27. The Panelists seemed more concerned with, and directed more questions toward, the Plaintiff's active-duty military service experience than her post-Army experience as an Executive Assistant over the past 12.5 years.

28. The interview closed with the Plaintiff asking the Panelists to consider her to fill the

vacancy.

29. On December 17, 2021, the Plaintiff was treated less favorably than lesser experienced, white, non-disabled, non-veteran, younger-than-40 Interviewee, Ms. Bullock when the Defendant willfully violated Federal and State laws by discriminating against the Plaintiff through its act of rejecting her candidacy and submitting a written Offer of employment against the vacancy to Ms. Bullock.

30. On December 27, 2021, LSU AGCENTER Human Resources (HR) emailed a notification to the Plaintiff, stating, "*While you were a QUALIFIED candidate, we have determined that the credentials of other candidates will better fit our needs as this time.*" LSU AGCENTER has never hired a dark-brown colored, Black American person to fill the Executive Assistant to the Vice President and Dean vacancy, and they didn't intend to when conducting the December 3, 2021 Interview with the Plaintiff.

31. On January 27, 2022, LSU AGCENTER Deputy General Counsel, Trey Jones emailed the Plaintiff, in response to her email inquiry regarding the Defendants' hiring decision against her. Mr. Jones directly contradicted HR's formal declaration of the Plaintiff being a QUALIFIED APPLICANT by erroneously stating, "*Ultimately, you were not eligible for the position because you did not meet the minimum qualifications.*"

32. The Panelists' decision to select Ms. Bullock, and conduct a discriminatory hiring rejection against the Plaintiff, was not based on Ms. Bullock's education and/or experience. The Panelists' decision to select Ms. Bullock was based on LSU AGCENTER nepotism practices and their discriminatory, illegal biases against race, color, disability, age, disabled veterans and protected veterans.

33. If the Defendants' hiring decision against the vacancy was made in the spirit of fairness and diversity, and if the Defendant was adamant about filling the vacancy with a candidate who held a Bachelor's Degree, the Defendants would have certainly interviewed candidates from the

6

array of additional, well-qualified choices it had. Multiple, well-qualified White and Black American applicants, holding Bachelor's and/or Masters Degrees and 3+ years of Executive Assistant experience, applied for the vacancy. The Defendants' decision to not interview these other well-qualified, Black and White American applicants was based on the Panelists' beforehand knowledge and desire to fill the vacancy with Ms. Bullock.

34. The Defendant conducted a sham/fake interview with the Plaintiff, based on the Defendants' possible requirement to fulfill Federal and/or State compliance obligations respective to interviewing and/or hiring job applicants who fall under the same EEO protected classes as the Plaintiff. Moreover, the Defendant potentially deceived State and/or Federal authoritative bodies by reporting the Plaintiff's interview data to those authoritative entities as honest and legitimate.

35. The Plaintiff was grossly humiliated, emotionally and psychologically manipulated, and covertly misled by the direct actions the Panelists took to physically guide her around the LSU AGCENTER, Executive Assistant to VP and Dean work area and subsequently select the non-experienced, lesser-qualified, white, under-the-age-of-40, non-disabled, non-veteran Interviewee, Ms. Bullock.

36. The Plaintiff is currently Unemployed and has military service-connected, mental disabilities that <u>do not</u> prohibit her from satisfactory job performance. Moreover, the Plaintiff wears prosthetic hair devices, due to a stress-related condition of Scarring Alopecia (physical disfigurement), of which the condition has been worsened by the effects of increased mental strain and aggravation of the existing condition and other existing conditions, due to the events under this Complaint.

37. Because the Plaintiff's experience with the Defendant, as it pertains to the discriminatory allegations, events and hiring decisions stated herein, has aggravated, and is currently aggravating, her existing condition of stress-related Scarring Alopecia (physical

7

disfigurement), and one or more of her military service-connected mental disabilities, the Plaintiff seeks the following Relief, whereby all Court Orders for Relief will be issued in accordance to Judgment(s) deemed sufficient by the Court and provisions enforceable under Title VII, and/or any other applicable laws:

(a) <u>MONETARY RELIEF</u> – Plaintiff seeks (1) backpay for economic injury, from the date of the Defendant's December 2021 hiring decision through the date Plaintiff secures another Executive Assistant position; (2) Relief for all associated filing and/or court costs under this Complaint; and (3) monetary and/or punitive damages for mental and emotional distress.

(b) <u>DISCIPLINARY ACTION AGAINST LSU & LSU AGCENTER</u> – Although LSU is a Public University System that receives millions of State and Federal, taxpayer-funded dollars, Plaintiff fully understands that Louisiana and/or the Federal Government doesn't currently endorse or enforce any hiring laws to foster a policy commitment for the Defendants to hire qualified, military veterans or offer remedies to protect the Public, and ensure the Defendants abstain, from the Defendants exploiting Protected Classes of people through the acts of fake/sham interviews. Accordingly, I ask the Court to render disciplinary action against the Defendants, by any and all powers vested through the Court, as it pertains to 1) the Defendants' willful violations of Office of Federal Contract Compliance ("OFCC") and/or United States Department of Education ("DOE") Rules regarding the Defendants' actions in discriminating against the Plaintiff and/or past, present or future job applicants; and 2) OFCC/DOE requirements and standards to <u>honestly</u> interview and/or hire diverse job candidates and subsequently report the respective interview and hiring data through authentic submissions.

38. Plaintiff filed a timely complaint of race, color, disability and age discrimination

with the Equal Employment Opportunity Commission ("EEOC"), and timely complaints of protected veterans/disabled veterans' discrimination with the OFCC and the U.S. Department of Labor ("DOL"). She exhausted all grievance remedies and received a notice of a Right to Sue, from the New Orleans EEOC Field Office, on March 15, 2022.

La. R.S. 23:332
*Plaintiff includes all allegations of discrimination herein, as outlined in the Statement of Facts Plaintiff alleged under Paragraphs 1-38 above.*

39. By committing the discriminatory actions and decisions described above, the Defendants have engaged in one or more unfair employment practices prohibited by La. R.S. 23:332.

40. Plaintiff filed a Complaint with the EEOC, notice of which was sent to the Defendants, satisfying the notice administrative remedy requirement of State law.

41. Pursuant to the provision of La. R.S. 23:332, Plaintiff seeks and is entitled to recover back pay, compensatory damages, punitive damages, Court fees and relative filing fees.

AGE DISCRIMINATION AND EMPLOYMENT ACT
*Plaintiff includes all allegations of discrimination herein, as fully outlined in the Statement of Facts Plaintiff alleged in Paragraphs 1-38 above.*

42. By committing the discriminatory actions and decisions described above, the Defendants have engaged in an unfair employment practice prohibited by the Age Discrimination and Employment Act.

43. Plaintiff filed a complaint with the New Orleans EEOC Field Office, notice of which was sent to the Defendants, satisfying the notice administrative remedy requirement of State law.

44. Pursuant to the provision of the ADEA, Plaintiff seeks and is entitled to recover back pay, compensatory damages, punitive damages, Court fees and relative filing fees.

TITLE VII, CIVIL RIGHTS ACT OF 1964 - RACE AND COLOR DISCRIMINATION
*Plaintiff includes all allegations of discrimination herein, as fully outlined in the Statement of Facts Plaintiff alleged in Paragraphs 1-38 above.*

45. By committing the discriminatory actions and decisions described above, the Defendants have engaged in unfair employment practices prohibited by Title VII.

46. Plaintiff filed a complaint with the New Orleans EEOC Field Office, notice of which was sent to the Defendant, satisfying the notice administrative remedy requirement of State law.

47. Pursuant to the provision of Title VII, Plaintiff seeks and is entitled to recover back pay, compensatory damages, punitive damages, Court fees and relative filing fees.

### AMERICANS WITH DISABILITIES ACT - DISABILITY DISCRIMINATION
*Plaintiff includes all allegations of discrimination herein, as fully outlined in the Statement of Facts Plaintiff alleged in Paragraphs 1-38 above.*

48. By committing the discriminatory actions and decisions described above, the Defendants have engaged in unfair employment practices prohibited by ADA.

49. Plaintiff filed a complaint with the New Orleans EEOC Field Office, notice of which was sent to the Defendants, satisfying the notice administrative remedy requirement of State law.

50. Pursuant to the provision of ADA, Plaintiff seeks and is entitled to recover back pay, compensatory damages, punitive damages, Court fees and relative filing fees.

### VIETNAM ERA VETERANS READJUSTMENT ASSISTANCE ACT OF 1974 (VEVRAA) - DISABLED VETERAN DISCRIMINATION and PROTECTED VETERAN DISCRIMINATION
*Plaintiff includes all allegations of discrimination herein, as fully outlined in the Statement of Facts Plaintiff alleged in Paragraphs 1-38 above.*

51. By committing the discriminatory actions and decisions described above, the Defendants have engaged in unfair employment practices prohibited by VEVRAA.

52. Plaintiff filed a complaint with the DOL and the OFCC, notice of which was sent to the Defendants, satisfying the notice administrative remedy requirement of State and/or Federal law.

53. Pursuant to the provision of VEVRAA, Plaintiff seeks and is entitled to recover back

pay, compensatory damages, punitive damages, Court fees and/or relative filing fees.

**WHEREAS,** Plaintiff prays for review and corresponding judicial procedures by a presiding Judge(s) of the Court, and after due proceedings are had, that the Court would issue Decisions, Orders and/or Judgment in Plaintiff's favor and against all Defendants, for all sums as are <u>reasonable</u> under the premises, punitive damages as allowed by law, all costs of these proceedings, with all legal interest considered therein from the date of Judicial demand until paid, and all such other relief to which Plaintiff is entitled by law or in equity.

I hereby certify, under penalty of perjury, that the above petition is true to the best of my information, knowledge, and belief.

Respectfully submitted,

*[signature]*

s/ Aisha Trimble, *Pro se*
PO Box 41451
Baton Rouge, LA 70835
Telephone: 214-962-8398
Email: aisha1776@yahoo.com

11

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Complaint was filed conventionally with the Clerk of Court and the Defendants' Counsel of Record. Notice of this filing was sent as indicated below, on the 31st day of May, 2022.

**In Person**
(Conventional Delivery)

**Lafayette Process Servers LLC**
(Conventional Delivery)

**Clerk of Court**

United States District Court
Middle District of Louisiana
Baton Rouge Division
777 Florida Street, Suite 139
Baton Rouge, LA 70801

**Defendants' Counsel**

Mr. Carlton (Trey) Jones
Deputy Counsel General
Louisiana State University
3810 West Lakeshore Drive, Suite 124
Baton Rouge, Louisiana 70808

s/
Aisha Trimble, *Pro se*