## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**AISHA TRIMBLE**                                                **CIVIL ACTION**

**VERSUS**                                                       **NO. 22-351-SDD-RLB**

**LOUISIANA STATE UNIVERSITY
SYSTEM, ET AL.**

## **NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on January 3, 2023.

_____

**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

AISHA TRIMBLE                                                  CIVIL ACTION

VERSUS                                                        NO. 22-351-SDD-RLB

LOUISIANA STATE UNIVERSITY
SYSTEM, ET AL.

<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>

Before the Court is Defendants Louisiana State University ("LSU") and Louisiana State University Agriculture Center's ("LSU AgCenter") Motion to Dismiss. (R. Doc. 23).[1] The motion is opposed. (R. Doc. 26). Defendants filed a Reply. (R. Doc. 28). Plaintiff filed a Surreply. (R. Doc. 33).

I.      Background

Aisha Trimble, who is proceeding *pro se*, brings an employment discrimination action arising from her non-selection as an executive assistant to the vice president and dean of LSU AgCenter. Plaintiff alleges that Defendants LSU, LSU AgCenter, the Board of Supervisors, Dr. Lucien Laborde, Ms. Karen Bean, Mrs. Monica Guient, and Mr. Hampton Grunewald discriminated against Plaintiff on the basis of her race, age, disability, and veteran status. (R. Doc. 12). Defendants allegedly conducted a "fake interview" of Plaintiff after predetermining to hire a less qualified candidate who was not a member of any Plaintiff's protected classes. (*Id.* at ¶ 12). In her operative Second Amended Complaint, Plaintiff asserts claims under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq.* ("Title VI"), the Age Discrimination Act of 1975, 42 U.S.C.§ 6101 *et seq.* ("Age Act"), the Rehabilitation Act of 1973, 29 U.S.C § 701 *et*

---

[1] LSU, LSU AgCenter, and the Louisiana State University Board of Supervisors ("Board of Supervisors") jointly filed the Motion to Dismiss; however, the Board of Supervisors does not move for any relief. (*Id.*).

*seq.* ("Rehabilitation Act"), the Vietnam Era Veteran's Readjustment Assistance Act of 1974,

38 U.S.C § 4211 *et seq.* ("VEVRAA"), the Uniformed Services Employment and Reemployment

Rights Act of 1994, 38 U.S.C § 4301 *et seq.* ("USERRA"), and the Louisiana Employment

Discrimination Law, La. R.S. 23:332 ("LEDL"). (R. Doc. 12).

Plaintiff filed her Second Amended Complaint after Defendants LSU and LSU AgCenter

moved to dismiss her original claims against them. Plaintiff's initial Complaint asserted claims

against LSU and LSU AgCenter under Title VII of the Civil Rights Act of 1964, 42 U.S.C

§ 2000e *et seq.* ("Title VII"), the Americans with Disabilities Act of 1990, 42 U.S.C § 12101 *et*

*seq.* ("ADA"), VEVRAA, the Age Discrimination in Employment Act of 1967, 29 U.S.C § 621

*et seq.* ("ADEA"), and LEDL. (R. Doc. 1). Plaintiff subsequently moved to amend her

Complaint to include a claim under USERRA. (R. Doc. 7). Plaintiff additionally named the

Board of Supervisors, Dr. Lucien Laborde, Ms. Karen Bean, Mrs. Monica Guient, and Mr.

Hampton Grunewald as defendants. (*Id.*). Prior to the Court granting leave to amend, LSU and

LSU AgCenter moved to dismiss the Complaint under Federal Rules of Civil Procedure 12(b)(1)

and (6). (R. Doc. 9). They asserted, *inter alia*, that they retained sovereign immunity against

Plaintiff's claim under the ADA. (R. Doc. 9-1 at 7). With the consent of LSU and LSU

AgCenter, Plaintiff responded by filing the Second Amended Complaint. (R. Doc. 12). The

Second Amended Complaint abandoned her claims under Title VII, the ADA, the ADEA. (*Id.*).

In their place, Plaintiff added claims under Title VI, the Age Act, and the Rehabilitation Act.

(*Id.*). The Court has declared the Second Amended Complaint to be the operative complaint and

denied the first motion to dismiss as moot. (R. Doc. 15).

Defendants LSU and LSU AgCenter now move to dismiss the Second Amended

Complaint. (R. Doc. 23). They assert that (1) the Court lacks subject matter jurisdiction over the

ADA, ADEA, LEDL, and USERRA claims, (2) Plaintiff fails to state a claim under VEVRAA

and the Rehabilitation Act, and (3) they lack the capacity to be sued. (R. Docs. 23; 23-1).

Specifically, they assert sovereign immunity under the 11th Amendment of the United States

Constitution against suits under the ADA, ADEA, and LEDL. (R. Doc. 23 at 1). Relatedly, they

assert Plaintiff's claim under USERRA must be filed in Louisiana state court. (*Id.*). They

additionally maintain that Plaintiff fails to state a claim under VEVRAA or the Rehabilitation

Act because those statutes do not provide a private cause of action. (*Id.* at 2). Lastly, they

contend that under Louisiana law the Board of Supervisors is the proper defendant in any suit

against the university or college under its management and that LSU and LSU AgCenter should

be dismissed. (R. Doc. 23-1 at 5). LSU and LSU AgCenter do not seek the dismissal of

Plaintiff's claims under Title VI or the Age Act. (*See* R. Doc. 23; *see also* R. Doc. 28 at 2-3).

Plaintiff contests the Motion to Dismiss the Second Amended Complaint, but she

concedes that she does not state a claim under the ADA, ADEA, Title VII, or USERRA. Plaintiff

explicitly abandons any claims under the ADA, ADEA, and Title VII and states that she

"removed all references to ADA, ADEA, and Title VII under her active Complaint." (R. Doc. 26

at 4). Emphasizing her concession, Plaintiff later moved for leave to file a third amended

complaint and reassert claims under the ADA, ADEA, and Title VII. (R. Doc. 31). The Court

denied Plaintiff leave to further amend her Second Amended Complaint at that time. (R. Doc.

32). Regarding her USERRA claim, Plaintiff acknowledges that she "misunderstood" the statute.

(R. Doc. 30-1 at 6). Although the U.S. Attorney General may bring a USERRA claim in federal

court on her behalf, she concedes that she "did not ask the [Department of Labor] to refer [her]

complaint" to the Attorney General. (*Id.*).

3

Regarding Plaintiff's remaining claims, she contends that Defendants are not immune from suit and that she has stated valid claims. (R. Doc. 26 at 4). The Court allegedly has jurisdiction over her claims under Title VI, the Age Act, the Rehabilitation Act, and USERRA "because they are federal laws." (*Id.*). She additionally states that she has a private right of action under Section 501 of the Rehabilitation Act, 29 U.S.C. § 791. She does not specifically address her claims under LEDL or VEVRAA.

## II.    Law and Analysis

### A.    Legal Standards for the Motion to Dismiss

A Rule 12(b)(1) seeks dismissal of a complaint for lack of subject matter jurisdiction when a court lacks the statutory or constitutional power to hear the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). The burden of proof on a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *Strain v. Harrelson Rubber Co.,* 742 F.2d 888, 889 (5th Cir. 1984). "A motion to dismiss under Rule 12(b)(1) is analyzed under the same standard as a motion to dismiss under Rule 12(b)(6)." *Benton v. United States,* 960 F.2d 19, 21 (5th Cir. 1992). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001).

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to survive a Rule 12(b)(6) motion, a pleading's language, on its face, must demonstrate that there exists plausibility for entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires

the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556

U.S. 662, 679 (2009). In determining whether it is plausible that a pleader is entitled to relief, a

court does not assume the truth of conclusory statements, but rather looks for facts which support

the elements of the pleader's claim. *Twombly*, 550 U.S. at 557. Factual assertions are presumed

to be true, but "labels and conclusions" or "a formulaic recitation of the elements of a cause of

action" alone are not enough to withstand a 12(b)(6) motion. *Iqbal*, 556 U.S. at 678. Courts must

liberally construe pro se pleadings and hold them to less stringent standards than formal

pleadings draft by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "pro se

litigants are not 'exempt ... from compliance with relevant rules of procedural and substantive

law.'" *Berry v. Wells Fargo Bank, N.A.*, No. 20-30670, 2022 WL 728969, at *2 (5th Cir.

Mar. 10, 2022) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) (per curiam)).

In most circumstances, a court should allow a plaintiff at least one chance to amend the

complaint under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust

Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (plaintiffs are

generally given one chance to amend before dismissal unless "it is clear that the defects are

incurable"). However, a court should deny leave to submit futile amendments that are

"insufficient to state a claim." *Jamieson v Shaw*, 772 F.2d 1205, 1209 (5th Cir. 1985).

**B.      Analysis**

**1.      Plaintiff's Claims against the University Are Properly Asserted
against the Board of Supervisors.**

Only the Board of Supervisors possesses the authority to sue and be sued on behalf of

institutions under its control. La. R.S. 17:3551(A)(1). LSU and LSU AgCenter are both

institutions under the supervision and management of the Board of Supervisors. La. R.S.

17:3215. Therefore, LSU and LSU AgCenter lack the capacity to be sued, and the Board of

Supervisors is the proper defendant. *See Williams v. La. State Univ. & A&M Coll.*, No. 22-12, 2022 WL 1110305, at *1 (M.D. La. Apr. 13, 2022); *Mire v. Bd. of Supervisors of La. State Univ. & Agric. & Mech. Coll.*, No. 15-6965, 2016 WL 4761561, at *3 (E.D. La. Sept. 13, 2016). The claims against LSU and LSU AgCenter should be dismissed.

The Court proceeds to address the merits of the Motion to Dismiss as applied to Plaintiff's claims against the Board of Supervisors. The Motion to Dismiss only asserts that the Court lacks jurisdiction over claims against LSU and LSU AgCenter and that Plaintiff failed to state claims against them. Even if the Board of Supervisors did not directly move to dismiss the claims against it, the Court may dismiss those claims *sua sponte*. *See Carver v. Atwood*, 18 F.4th 494, 497 (5th Cir. 2021). If at any time the Court determines that it lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3); *see also Carver*, 18 F.4th at 497 ("[S]ua sponte dismissal is mandatory when a court discovers that it lacks subject-matter jurisdiction."). Likewise, the Court may *sua sponte* dismiss for a failure to state a claim. *Century Sur. Co. v. Blevins*, 799 F.3d 366, 372-73 (5th Cir. 2015). However, claims may only be dismissed in the absence of a motion if "the procedure employed is fair to the parties." *Id.* at 372 (quoting 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1357 (3d. ed. 2022)). To be fair, the procedure used must provide the plaintiff notice and an opportunity to respond. *Carver*, 18 F.4th at 498; *Century Sur. Co.*, 799 F.3d at 373.

Plaintiff has received de facto notice and multiple opportunities to respond to the arguments that her claims against the Board of Supervisors should be dismissed for a lack of jurisdiction and a failure to state a claim. Although the Motion to Dismiss makes no reference to the Board of Supervisors, the Memorandum in Support explicitly asserts those defenses on behalf of the Board of Supervisors. (*See, e.g.,* R. Doc. 23-1 at 6 ("[A]s discussed below, the LSU

6

Board of Supervisors is entitled to Eleventh Amendment Immunity.")). Plaintiff responded to the

merits of those arguments in both her opposition and surreply. (*See* R. Docs. 26; 30). Moreover,

the arguments asserted by the Parties regarding claims against LSU and LSU AgCenter apply

equally to the claims against the Board of Supervisors. Plaintiff only named the Board of

Supervisors as a defendant after being informed that LSU and LSU AgCenter were not proper

defendants, and she asserts identical claims against all of them. Therefore, the Court considers

whether the claims against the Board of Supervisors should be dismissed under Rules 12(b)(1)

and (b)(6).

### 2.    Plaintiff Does Not Assert Claims under the ADEA or ADA.

Defendants move to dismiss alleged violations of the ADEA and ADA that Plaintiff does

not assert in her Second Amended Complaint. They acknowledge that Plaintiff does not assert

those claims. (R. Doc. 28 at 2). Nonetheless, they move to dismiss the claim under the ADEA

because "the provisions of the ADEA would be the federal statute applicable to the facts

alleged." (*Id.* at 3). Defendants state that any claims "with regard to the 'Age Act' are due to

Plaintiff's confusion over the difference between" the Age Act and ADEA. (*Id.*). Defendants do

not explain how Plaintiff asserts a claim under the ADA but merely move to dismiss any ADA

claims "[i]n an abundance of caution." (*Id.*). Plaintiff states that she is "not confused about the

differences in these laws" and intentionally removed references to those statutes from her Second

Amended Complaint. (R. Doc. 30-1 at 5).

Even liberally interpreted, Plaintiff's Second Amended Complaint does not assert claims

under the ADEA or ADA. Although Plaintiff proceeds pro se, she remains the master of her

Complaint. *See Smith v. Barrett Daffin Frappier Turner & Engel, L.L.P.*, 735 F. App'x 848, 851

(5th Cir. 2018) (declaring a pro se plaintiff to be "the master of his complaint") (quoting *Elam v.*

7

*Kan. City S. Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011)). Plaintiff expressly and repeatedly

abandoned those claims. (*See* R. Docs. 11 at 2; 26 at 4). She amended the Complaint after LSU

and LSU AgCenter contested those claims in their initial Motion to Dismiss. (*See* R. Doc. 30-1 at

3). Plaintiff has since sought to reinsert those claims into a proposed Third Amended Complaint.

(R. Doc. 31). But the Court has already denied that motion and concluded that she cannot assert

those claims at this time. (R. Doc. 32). By Plaintiff's own admission, those claims are not

contained in her current Second Amended Complaint.

### 3.     No Motion to Dismiss the Age Act Claim is before the Court.

Defendants have not moved to dismiss Plaintiff's claim under the Age Act. (*See* R.

Doc. 23). They assert for the first time in reply that the Age Act is not applicable to Plaintiff's

allegations of discrimination. (R. Doc. 28 at 2-3). However, they did not move to dismiss that

claim. (*See* R. Doc. 23). Even if this argument could be interpreted as an assertion that Plaintiff

fails to state a claim under the Age Act, parties may not assert new grounds for relief in a reply

brief. *United States v. Muhammad*, 14 F.4th 352, 363 n.3 (5th Cir. 2021) ("Litigants may not

raise arguments for the first time in a reply brief."). Therefore, the Court does not consider any

arguments by LSU and LSU AgCenter to dismiss the claimed violation of the Age Act.

### 4.     The Court Lacks Jurisdiction over Plaintiff's Claims under LEDL and USERRA against the Board of Supervisors.

The Court lacks subject matter jurisdiction over Plaintiff's claims against the Board of

Supervisors alleging violations of USERRA and LEDL. The Eleventh Amendment recognizes

sovereign immunity and bars citizens from suing a state in federal court unless the state has

expressly waived its sovereign immunity or Congress has abrogated it. *Raj v. La. State Univ.*,

714 F.3d 322, 328 (5th Cir. 2013).  A state's sovereign immunity extends to state agencies and

departments if the state is the real party in interest. *Richardson v. S. Univ.*, 118 F.3d 450, 452

(5th Cir. 1997). The Board of Supervisors is an arm of the state and thus entitled to sovereign immunity. *Raj*, 714 F.3d at 328 ("[T]he LSU Board is an arm of the state and is immune from suit under the Eleventh Amendment."); *see also Pastorek v. Trail*, Nos. 99-30317, 99-31146, 2001 WL 85921, at *2 (5th Cir. Jan. 26, 2001) (per curiam) ("[T]he LSU Board is an 'arm of the state' that enjoys Eleventh Amendment immunity."). Louisiana has expressly reserved its sovereign immunity for Plaintiff's state law claim. *See* La. R.S. 13:5106(A); *see also Raj*, 714 F.3d at 328. Therefore, the Court lacks subject matter jurisdiction over Plaintiff's claim against the Board of Supervisors for an alleged violation of LEDL.

The Court also lacks jurisdiction over Plaintiff's USERRA claim against the Board of Supervisors. Only the U.S. Attorney General may bring USERRA claims against state employers in federal court. 38 U.S.C. § 4223(b). USERRA also authorizes an individual to bring claims against a state employer on their own behalf, but the action must be brought in state court. *Id.* § 4323(b)(2). Plaintiff appears to concede that the claim is not properly before the Court since the Attorney General did not bring the case. (*See* R. Doc. 30-1 at 6-7). Regardless, USERRA does not confer federal jurisdiction over private claims against state employers. *McIntosh v. Partridge*, 540 F.3d 315, 321 (5th Cir. 2008).

Plaintiff correctly notes that the Supreme Court recently held in *Torres v. Tex. Dep't of Pub. Safety*, 142 S. Ct. 2455 (2022), that states may not claim sovereign immunity from liability for USERRA violations. (R. Doc. 26 at 7). However, even though the states have waived their immunity to suits under USERRA, Congress did not confer federal jurisdiction over those claims. *See* 38 U.S.C. § 4323(b)(2). USERRA's jurisdictional clause "addresses the fact that USERRA suits must be brought in state (rather than federal) court." *Torres*, 142 S. Ct. at 2466. The states' waiver of immunity does not alter this statutory requirement. *See id*. "Federal courts

9

are courts of limited jurisdiction" which "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). USERRA's jurisdictional clause "provides no indication that Congress intended for these cases to be brought in federal court." *McIntosh*, 540 F.3d at 321. Accordingly, the Court lacks jurisdiction over Plaintiff's state law employment discrimination and USERRA claims against the Board of Supervisors.

### 5. A Private Right of Action Exists under the Rehabilitation Act but Not VEVRAA.

Although Plaintiff has a private right of action to enforce Section 504 of the Rehabilitation Act, no private right of action exists under VEVRAA. "Private rights of action to enforce federal law must be created by Congress." *Salazar v. S. San Antonio Indep. Sch. Dist.*, 953 F.3d 273, 279 (5th Cir. 2017) (quoting *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001)). Absent affirmative evidence that Congress intended to allow private civil suits, a statute does not confer a private right of action. *Stokes v. Sw. Airlines*, 887 F.3d 199, 202 (5th Cir. 2018). Congress did not create a private cause of action to enforce VEVRAA. *See Matula v. Lower Colo. River Auth.*, 134 F. App'x 715, 716 (5th Cir. 2005) (unpublished); *see also Carson v. Willow Valley Cmtys.*, 789 F. App'x 310, 312 n.3 (3d Cir. 2019) ("[I]t appears that every Court of Appeals to have address the issue has held that these statutes do not imply a private right of action."); *Suazo v. Regents of Univ. of Cal.*, No. 95-1142, 1998 WL 339714, at *2 (10th Cir. June 24, 1998) (collecting cases declaring no private right of action exists under VEVRAA). Instead, Congress created an administrative enforcement scheme. 38 U.S.C. § 4212(b); *see also Delgado v. Combs*, No. 09-CA-571, 2009 WL 10698734, *4 (W.D. Tx. Oct. 7, 2009). That scheme grants the Department of Labor exclusive authority to enforce VEVRAA. *See* 38 U.S.C. § 4212; *Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 473 (6th Cir. 2003). The creation of that administrative

enforcement scheme demonstrates Congress's intent to preclude private enforcement. *Delgado*, 2009 WL 10698734, at \*4. Therefore, Plaintiff fails to state a claim for a violation of VEVRAA.

Unlike under VEVRAA, Plaintiff states a plausible claim under the Rehabilitation Act. The Second Amended Complaint asserts violations of 29 U.S.C. §§ 701(c)(1)-(3) and 794(b)(2). (R. Doc. 12 at 15). Rather than address the claims made by Plaintiff, Defendants contend that Plaintiff actually sets forth a claim under Section 503 of the Rehabilitation Act, 29 U.S.C § 793, instead of Section 504, 29 U.S.C § 794, and they move to dismiss the claim because no private right of action exists under Section 503. (R. Doc. 28 at 3-4).

In reply, Plaintiff asserts that "[t]here are no errors" in the Second Amended Complaint with regards to the Rehabilitation Act claims she has elected to pursue. (R. Doc. 26 at 7). She additionally states that Section 501 of the Rehabilitation Act, 29 U.S.C § 791, provides a private right of action for her claims under that act. (*Id.* at 5).

Plaintiff does not state claims under 29 U.S.C. §§ 701 or 791. 29 U.S.C. § 701 contains Congressional findings and the Rehabilitation Act's statement of purpose. *Id.* § 701. It does not create any substantive, enforceable rights. *See id.* Section 501 does provide for limited, private causes of action. *Prewitt v. U.S. Postal Serv.*, 662 F.2d 292, 304 (5th Cir. 1981) (recognizing a private cause of action under Section 501). However, the Second Amended Complaint does not reference Section 501. (*See* R. Doc. 12). Even reading Plaintiff's allegations liberally, they do not set forth a claim under Section 501. Section 501 requires nondiscrimination and affirmative action in employment by executive federal agencies. 29 U.S.C. § 791(b). None of the defendants are federal agencies. Accordingly, Plaintiff does not assert a cause of action under either of these sections of the Rehabilitation Act.

11

Plaintiff also does not assert a claim under Section 503 in the Second Amended

Complaint. Defendants contend that Section 503 applies to the facts and allegations asserted by

Plaintiff better than Section 504 does. (*See* R. Doc. 28 at 3-4). Defendants further state that

Plaintiff's opposition to their motion to dismiss is based upon "a misunderstanding of the

appropriate section of the statute applicable to her allegations of discrimination." (*Id.*). The

Rehabilitation Act prohibits discrimination by federal agencies, by federal contractors, and by

programs receiving federal funds. *Prewitt*, 662 F.2d at 301. Section 503 requires that any

contract with the federal government exceeding $10,000 includes a provision requiring the

contractor to "take affirmative action to employ and advance in employment qualified

individuals with disabilities." 29 U.S.C. § 793(a).

Section 504 provides that "[n]o otherwise qualified individual with a disability… shall,

solely by reason of his or her disability, be excluded from the participation in, be denied the

benefits of, or be subjected to discrimination under any program or activity receiving Federal

financial assistance." *Id.* § 794(a). Plaintiff unequivocally refutes that she pursued her claim under

the incorrect provision of the Rehabilitation Act. (*See* R. Docs. 26 at 7; 30-1 at 5-6). Moreover, her

decision to pursue a claim under Section 504 is not without reason. As Defendants note, no private

right of action exists under Section 503. *Rogers v. Frito-Lay, Inc.*, 611 F.2d 1074, 1085 (5th Cir.

1980). Even reading the allegations in the Second Amended Complaint liberally, Plaintiff's explicit

intention to proceed under Section 504 precludes interpreting her claim as arising under Section 503.

Plaintiff's allegations under Section 504 of the Rehabilitation Act state a plausible claim for

relief. Defendants assert that Plaintiff has not stated a valid claim because she alleges discrimination

regarding an application for employment and not an application for "participation in a program

administered by an agency receiving federal funds." (R. Doc. 28 at 4). As an initial matter,

Defendants have not clearly moved to dismiss Plaintiff's Section 504 based upon this alleged failure

to state a claim. (*See* R. Doc. 23-1 at 11). Regardless, the non-discrimination requirements of Section 504 apply more broadly to cover the alleged conduct. The Act's preclusion of discrimination under "any program or activity" specifically includes all operations of "a college, university, or other postsecondary institution." 29 U.S.C. § 794(b)(2)(A). Therefore, Defendants fall within the Act's purview. *See, e.g, Bennett-Nelson v. La. Bd. of Regents*, 431 F.3d 448, 453 (5th Cir. 2005) (declaring that the Board of Supervisors was "subject to the requirements of § 504 of the Rehabilitation Act.") The Rehabilitation Act further applies to adverse employment decisions such as a refusal to hire. *See Prewitt*, 662 F.2d at 307; *Eustice v. Baker Hughes, et al.*, 4:19-cv-4813, 2020 WL 8083680 (S.D. Texas Sept. 21, 2020) (plaintiff stated a claim under Section 504 of the Rehabilitation Act for failure to hire).

To state a claim under Section 504 based upon a refusal to hire, Plaintiff must allege: (1) that she applied for a position in a program or activity receiving federal financial assistance, (2) that she has a disability, (3) that she is otherwise qualified for the job, and (4) that she was discriminated against solely by reason of her disability. *See Houston v. Tex. Dep't of Agric.*, 17 F.4th 576, 585-86 (5th Cir. 2021). Plaintiff alleges her interviewers refused to hire her, despite her qualifications, because of biases against her "being a disabled veteran with PTSD, or any other service-connected mental disability." (R. Doc. 12 at 9). Plaintiff also repeatedly alleges the Board of Supervisors is a federally funded institution. (*Id.* at 8, 12, 16). Therefore, the Second Amended Complaint states a plausible claim under the Rehabilitation Act.

## III.  Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that LSU and LSU AgCenter's Motion to Dismiss (R. Doc. 23) be **GRANTED IN PART** and **DENIED IN PART.** Specifically, the Court recommends:

1) That the claims against LSU and LSU AgCenter be **DISMISSED WITHOUT PREJUDICE;**

2) That the claims against the Board of Supervisors asserting violations of USERRA and LEDL be **DISMISSED WITHOUT PREJUDICE**;

3) The claim against the Board of Supervisors asserting a violation of VEVRAA be **DISMISSED WITH PREJUDICE**; and

4) The Motion to Dismiss Plaintiff's claim against the Board of Supervisors for a violation of the Rehabilitation Act be **DENIED**.

Signed in Baton Rouge, Louisiana, on January 3, 2023.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

14