UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

AISHA TRIMBLE                                              CIVIL ACTION

VERSUS                                                     NO. 22-351-SDD-RLB

LOUISIANA STATE UNIVERSITY
SYSTEM, ET AL.

## ORDER

Before the Court is Plaintiff's Motion Requesting Assignment of Counsel, Order Bench Trial, or Close Case filed into the record on January 25, 2025. (R. Doc. 44). Defendants filed an opposition indicating their objection to a bench trial and intent to proceed with a jury trial. (R. Doc. 42).

I.      **Background**

On May 31, 2022, Aisha Trimble ("Plaintiff"), who is proceeding *pro se*, commenced this employment discrimination action arising from her non-selection as an executive assistant to the vice president and dean of Louisiana State University Agricultural Center ("LSU AgCenter"). (R. Doc. 1). Plaintiff alleges that she was discriminated against based on her race, age, disability, and veteran status. The initial Complaint only names the Louisiana State University System ("LSU") and the LSU AgCenter as defendants.

The Second Amended Complaint (R. Doc. 12), which adds as defendants the LSU Board of Supervisors and four LSU AgCenter employees (Dr. Lucien Laborde, Ms. Karen Bean, Mrs. Monica Guient, and Mr. Hampton Grunewald),[1] is the operative pleading in this action. (*See* R. Doc. 15). In the Second Amended Complaint, Plaintiff asserts claims under Title VI of the Civil

---

[1] While these defendants are not named in the body of the Second Amended Complaint, they are identified in its caption as defendants.

Rights Act of 1964, 42 U.S.C. § 2000d *et seq.* ("Title VI"), the Age Discrimination Act of 1975, 42 U.S.C.§ 6101 *et seq.* ("Age Act"), the Rehabilitation Act of 1973, 29 U.S.C § 701 *et seq.* ("Rehabilitation Act"), the Vietnam Era Veteran's Readjustment Assistance Act of 1974, 38 U.S.C § 4211 *et seq.* ("VEVRAA"), the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C § 4301 *et seq.* ("USERRA"), and the Louisiana Employment Discrimination Law, La. R.S. 23:332 ("LEDL"). (R. Doc. 12).

On July 18, 2022, Plaintiff served process on the LSU Board of Supervisors and Dr. Laborde, Ms. Bean, Mrs. Guient, and Mr. Grunewald. (*See* R. Doc. 1).

On August 8, 2022, LSU and LSU AgCenter moved to dismiss the Second Amended Complaint, asserting that (1) the Court lacks subject matter jurisdiction over the ADA, ADEA, LEDL, and USERRA claims in light of sovereign immunity under the 11th Amendment of the United States Constitution, (2) Plaintiff failed to state a claim under VEVRAA and the Rehabilitation Act, and (3) LSU and the LSU AgCenter lack the capacity to be sued. (R. Doc. 23).

On February 7, 2023, the district judge granted in part, and denied in part, the foregoing Motion to Dismiss, dismissing all claims against LSU and the LSU AgCenter without prejudice, dismissing the USERRA and LEDL claims against the LSU Board of Supervisors without prejudice, and dismissing the VEVRAA claim against the LSU Board of Supervisors with prejudice. (R. Doc. 35; *see* R. Doc. 34). Plaintiff's claim under Section 504 of the Rehabilitation Act against the LSU Board of Supervisors remains.

On June 9, 2023, Plaintiff and the LSU Board of Supervisors, LaBorde, Bean, Guient, and Grunewald (collectively, "Defendants") submitted a joint Status Report. (R. Doc. 40). Plaintiff stated that she had "requested a Hearing under the Initial Complaint" whereas

Defendants represent that they "will request a jury trial in [their] answer to the [Amended Complaint] that will be filed now that the Order on the Motion to Dismiss has been issued." (R. Doc. 40 at 7). This was the first indication by Defendants that they are seeking a jury trial. Based on the joint submission, the undersigned issued a Scheduling Order setting a 2-day jury trial to commence on October 7, 2024. (R. Doc. 41).

On January 25, 2024, the instant motion was received by the Clerk's Office and filed into the record. (R. Doc. 44). Plaintiff is now requesting the appointment of an employment discrimination attorney to represent her in this action because "[l]itigating this matter alone is causing panic attacks, loss of enjoyment of life and restlessness." (R. Doc. 44-1 at 2-3). If the Court cannot appoint an attorney to represent her, Plaintiff moves for "a bench trial instead of a jury trial" to ensure that she will receive a fair proceeding. (R. Doc. 44-1 at 3). Finally, if the Court will not appoint an attorney and set the matter for a bench trial, Plaintiff "agree[s] to have this matter closed." (R. Doc. 44-1 at 3).

That same day, Defendants opposed the motion to the extent that it seeks a bench trial, claiming that they are "entitled to a trial by jury pursuant to the Sixth Amendment to the U.S. Constitution." (R. Doc. 42 at 2). The Defendants also filed an Answer to Plaintiffs' Second Amended Complaint with Jury Demand. (R. Doc. 43).

## II.   Law and Analysis

### A.   Motion for Appointment of Counsel

Plaintiff does not reference any source of law pursuant to which she is seeking appointment of counsel. Plaintiff is not proceeding *in forma pauperis* and, therefore, is not entitled to appointment to counsel under 28 U.S.C. § 1915(e)(1), which provides that "[t]he court may request an attorney to represent any person unable to afford counsel."

While Plaintiff is not bringing a claim under Title VII, the court court may appoint counsel for a plaintiff bringing claims under the Rehabilitation Act pursuant to the appointment of counsel provisions of Title VII. *See*, *e.g.*, *Luevano v. United States*, No. 19-00032, 2019 WL 12469792, at *1 (W.D. Tex. Mar. 15, 2019). Accordingly, the Court will consider whether Plaintiff is entitled to appointment of counsel in light of her Rehabilitation Act claim.

Title VII provides for the appointment of an attorney upon request "in such circumstances as the court may deem just." 42 U.S.C. § 2000e-5(f)(l). There is no automatic right, however, to the appointment of counsel. *Gonzales v. Carlin,* 907 F.2d 573, 579 (5th Cir. 1990) (citing *Caston v. Sears, Roebuck & Co.,* 556 F.2d 1305, 1309 (5th Cir. 1977)). In determining whether to appoint counsel under Title VII's provisions, the Court considers: (1) the financial ability of the plaintiff to retain counsel; (2) the efforts taken to obtain a lawyer; and (3) the merits of the claims. *Id.* at 580 (citing *Caston,* 556 F.2d at 1309; *Neal v. IAM Local Lodge 2386,* 722 F.2d 247, 250 (5th Cir.1984)). "No single factor is conclusive." *Gonzales,* 907 F.2d at 580; *see also Ulmer v. Chancellor,* 691 F.2d 209, 213 (5th Cir. 1982). Several courts also consider a plaintiff's ability, under the circumstances, to present the case without the assistance of counsel. *See*, *e.g., Poindexter v. F.B.I.*, 737 F.2d 1173, 1189 (D.C. Cir. 1984) (recognizing "the plaintiff's background and demonstrated skills suggest that appointment of counsel is unnecessary"). While these factors must all be considered, "[n]o single factor is conclusive." *Gonzales*, 907 F.2d at 580.

Having considered the record, the Court concludes that appointment of counsel is not warranted. Plaintiff appears to be seeking appointment of counsel in light of the emotional stress caused by proceeding *pro se* in this litigation. (*See* R. Doc. 44-1 at 2-3). Plaintiff has not submitted any evidence in support of a finding that she has made any effort to obtain counsel

4

since the commencement of this action on May 31, 2022. In addition, there is no indication in the record that Plaintiff is unable to afford counsel or enter into a contingency fee arrangement. Finally, Plaintiff has also not set forth any arguments in support of a finding that her remaining claims will be successful on the merits or that she will be unable to litigate this action without counsel.

For the foregoing reasons, Plaintiff's request for appointment of counsel be denied.

**B.     The Timeliness of the Answer and Jury Demand**

In the alternative to the appointment of counsel, Plaintiff moves the Court to set this action for a bench trial. Plaintiff did not demand a trial by jury in her pleadings. (*See* R. Docs. 1, 8, 12).

The first indication that Defendants would demand a jury trial was presented in the parties' joint status report filed on June 9, 2023. (R. Doc. 40). Consistent with her pleadings, Plaintiff stated that she "has requested a Hearing under her Initial Complaint." (R. Doc. 40 at 7). Defendants, on the other hand, represented that they would "request a jury trial in [their] answer to the [Second Amended Complaint] that will be filed now that the Order on the Motion to Dismiss has been issued." (R. Doc. 40 at 7).

Based on that information, this action was set for a two-day jury trial to commence on October 7, 2024. (R. Doc. 41). Defendants did not, however, immediately file an Answer or otherwise make a jury demand.

None of the parties filed any motions prior to the now expired deadline to complete non-expert discovery by January 16, 2024. (R. Doc. 41). Accordingly, fact discovery is now closed.

The instant motion, which in part seeks to have this action resolved by a bench trial, was filed into the record on January 25, 2024. (R. Doc. 44). Defendants filed two documents in

5

response. The first filing—a Memorandum in Opposition—states that Defendants "have not made a formal appearance before the court and do not do so now," but are nevertheless advising "the court of their objection to proceeding with a bench trial and their intent to proceed with a jury trial." (R. Doc 42). The second filing—an Answer—requests a jury trial. (R. Doc. 43).

Having reviewed the record, the Court will require the parties to submit additional briefing on the issue of whether this action should proceed as a jury trial or a bench trial.[2] For the reasons discussed below, it appears that Defendants' Answer and jury demand are both untimely. Accordingly, the Court will require Defendants to show cause why their Answer and jury demand should not be struck from the record as untimely. After obtaining briefing on these issues, the Court will determine whether this action is subject to dismissal.

### 1. Defendants' Answer

The record supports a finding that Defendants did not file a timely responsive pleading or Rule 12(b) motion. The record indicates that Defendants were served with process on July 18, 2022. (*See* R. Doc. 21). Defendants filed their Answer on January 25, 2024. (R. Doc. 43). Prior to filing their Answer, Defendants did not seek or obtain any extension of the deadline to file a responsive pleadings.

As an initial matter, the current Defendants did not seek any relief in the Motion to Dismiss brought by the now-dismissed defendants LSU and LSU AgCenter. (*See* R. Doc. 23).[3]

---

[2] It appears that Plaintiff is seeking to voluntarily dismiss this action under Rule 41(a) if it does not proceed with a bench trial. Plaintiff asserts that a bench trial, as opposed to a jury trial, will provide her a fair proceeding. (See R. Doc. 44-1 at 3). Plaintiff does not otherwise challenge whether Defendants have made a proper and timely jury demand.

[3] The Motion to Dismiss specifically states that it was brought by LSU and the LSU Ag Center. (*See* R. Doc. 23 at 1). The signature page of the Motion to Dismiss further indicates that it was only filed on behalf of LSU and the LSU AgCenter. (*See* R. Doc. 23 at 2). The remaining defendants—the LSU Board of Supervisors, Dr. Laborde, Ms. Bean, Mrs. Guient, and Mr. Grunewald—did not seek any relief pursuant to the Motion to Dismiss.

Accordingly, Defendants failed to file a responsive pleading (or Rule 12(b) motion) within 21 days of service of the summons and complaint. *See* Fed. R. Civ. P. 12(a)(1)(A).

Even if the Motion to Dismiss filed by LSU and LSU AgCenter can be deemed to have been filed on behalf of <u>all</u> Defendants, the Answer filed on January 25, 2024 would still be untimely. The district judge's ruling on that motion did not resolve all claims against the remaining Defendants. (R. Doc. 35; *see* R. Doc. 34). Defendants failed to file a responsive pleading (or Rule 12(b) motion) within 14 days after notice of the district judge's ruling on February 7, 2023. *See* Fed. R. Civ. P. 12(a)(4)(A).

Defendants filed their Answer approximately 18 months after service of process and 12 months after the ruling on the Motion to Dismiss. Defendants did not timely seek an extension of their deadline to file responsive pleadings under Rule 6(b)(1)(A) or Local Rule 7(a). Moreover, Defendants filed their untimely Answer into the record without filing an appropriate motion demonstrating excusable neglect for the untimely filing. *See* Fed. R. Civ. P. 6(b)(1)(B)( "[W]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect.").

Based on the foregoing, the Court will require Defendants to show cause why their Answer (R. Doc. 43) should not be struck from the record for failure to demonstrate that the untimely filing was a result of excusable neglect.

### 2.    Defendants' Request for Jury Trial

In opposing Plaintiff's request for a bench trial, Defendants assert that they are "entitled to a trial by jury pursuant to the Sixth Amendment to the U.S. Constitution." (R. Doc. 42 at 2). To be clear, the right to a jury trial in the Sixth Amendment only applies to criminal proceedings.

7

*See* U.S. Const. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defense"). No relief is available in this civil action under the Sixth Amendment.

The right to a jury trial in a civil action is provided by the Seventh Amendment, which states the following: "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law." U.S. Const. amend. VII. "The right to a jury in a federal court as declared by the Seventh Amendment is a basic and fundamental feature of our system." *Swofford v. B&W, Inc.*, 336 F.2d 406, 409 (5th Cir. 1964); *see* Fed. R. Civ. P. 38(a) ("The right of trial by jury as declared by the Seventh Amendment to the Constitution—or as provided by a federal statute—is preserved to the parties inviolate.").

Nevertheless, "[t]he right of jury trial requires a timely written demand." *Hill v. Auto-Owners Ins. Co.*, No. 19-00499, 2021 WL 2072120, at *2 (M.D. La. May 24, 2021) (citing Fed. R. Civ. P. 38(b)); *Scottsdale Ins. Co. v. Com. Tire of Louisiana, Inc.*, No. 15-00392, 2016 WL 1445879, at *2 (M.D. La. Mar. 22, 2016)). "On any issue triable of right by a jury, a party may demand a jury trial by: (1) serving the other parties with a written demand—which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served; and (2) filing the demand in accordance with Rule 5(d)." Fed. R. Civ. P. 38(b). "A party

8

waives a jury trial unless its demand is properly served and filed." Fed. R. Civ. P. 38(d). Notwithstanding the waiver of the right to a jury trial, "the court may, on motion, order a jury trial for which a jury might have been demanded." Fed. R. Civ. P. 39(b).

"It is well-settled in the Fifth Circuit that the decision to grant a Rule 39(b) motion for relief from waiver of a jury trial is discretionary with the district court." *Bross v. Chevron U.S.A., Inc.*, No. 06-1523, 2007 WL 4365364, at *2 (W.D. La. Dec. 7, 2007). "In this circuit, a district court generally should grant a Rule 39(b) motion to permit a jury trial 'in the absence of strong and compelling reasons to the contrary.'" *Fredieu v. Rowan Companies, Inc.*, 738 F.2d 651, 654 (5th Cir. 1984) (quoting *Swofford*, 336 F.2d at 408). "But it is not an abuse of discretion to deny a Rule 39(b) motion 'when the failure to make a timely demand for a jury trial results from mere inadvertence on the part of the moving party.'" *Fredieu*, 738 F.2d at 654 (quoting *Bush v. Allstate Ins. Co.*, 425 F.2d 393, 396 (5th Cir. 1970)).

The Fifth Circuit has identified the following five factors for consideration in resolving a Rule 39(b) motion:

> (1) whether the case involves issues which are best tried to a jury;
> (2) whether granting the motion would result in a disruption of the court's schedule or that of an adverse party;
> (3) the degree of prejudice to the adverse party;
> (4) the length of the delay in having requested a jury trial; and
> (5) the reason for the movant's tardiness in requesting a jury trial.

*Daniel Int'l Corp. v. Fischbach & Moore, Inc.*, 916 F.2d 1061, 1064 (5th Cir. 1990) (citing *Parrott v. Wilson*, 707 F.2d 1262, 1267 (11th Cir. 1983)).

Based on the foregoing, the Court will require Defendants to show cause why this action should not proceed as a bench trial in light of waiver of the right to jury trial.

### III. Conclusion

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion Requesting Assignment of Counsel, Order Bench Trial, or Close Case (R. Doc. 44) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that, within **7 days** of the date of this Order, Defendants shall **SHOW CAUSE**, in writing, and consistent with the body of this Order, (A) why their Answer (R. Doc. 43) should not be struck from the record for failure to demonstrate that the untimely filing was a result of excusable neglect.; and (B) why this action should not proceed as a bench trial in light of waiver of the right to jury trial. Plaintiff may submit a written response within **21 days** of the date of this Order.

**IT IS FURTHER ORDERED** that after consideration of the foregoing briefing, the Court will determine whether this action will proceed with a jury trial and whether dismissal of this action is appropriate.

**IT IS FURTHER ORDERED** that nothing in this Order shall preclude Plaintiff from submitting a separate filing seeking voluntary dismissal of this action under Rule 41(a).

Signed in Baton Rouge, Louisiana, on February 7, 2024.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**