**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **AISHA TRIMBLE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-351-SDD-RLB** |
| **LOUISIANA STATE UNIVERSITY SYSTEM, ET AL.** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on March 13, 2024.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**AISHA TRIMBLE**                                                    **CIVIL ACTION**

**VERSUS**                                                           **NO. 22-351-SDD-RLB**

**LOUISIANA STATE UNIVERSITY
SYSTEM, ET AL.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This Report and Recommendation is issued *sua sponte.* As discussed more thoroughly below, it is recommended that Plaintiff's case be dismissed, without prejudice, in light of her voluntary dismissal of this action.

**I.      Background**

On May 31, 2022, Aisha Trimble ("Plaintiff"), who is proceeding *pro se*, commenced this employment discrimination action arising from her non-selection as an executive assistant to the vice president and dean of Louisiana State University Agricultural Center ("LSU AgCenter"). (R. Doc. 1). Plaintiff alleges that she was discriminated against based on her race, age, disability, and veteran status. The initial Complaint only names the Louisiana State University System ("LSU") and the LSU AgCenter as defendants.

The Second Amended Complaint (R. Doc. 12), which adds as defendants the LSU Board of Supervisors and four LSU AgCenter employees (Dr. Lucien Laborde, Ms. Karen Bean, Mrs. Monica Guient, and Mr. Hampton Grunewald),[1] is the operative pleading in this action. (*See* R. Doc. 15). In the Second Amended Complaint, Plaintiff asserts claims under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq.* ("Title VI"), the Age Discrimination Act of 1975,

---

[1] While these defendants are not named in the body of the Second Amended Complaint, they are identified in its caption as defendants.

1

42 U.S.C.§ 6101 *et seq.* ("Age Act"), the Rehabilitation Act of 1973, 29 U.S.C § 701 *et seq.* ("Rehabilitation Act"), the Vietnam Era Veteran's Readjustment Assistance Act of 1974, 38 U.S.C § 4211 *et seq.* ("VEVRAA"), the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C § 4301 *et seq.* ("USERRA"), and the Louisiana Employment Discrimination Law, La. R.S. 23:332 ("LEDL"). (R. Doc. 12).

The record indicates that on July 18, 2022, Plaintiff served process on the LSU Board of Supervisors and Dr. Laborde, Ms. Bean, Mrs. Guient, and Mr. Grunewald. (*See* R. Doc. 21).

On August 8, 2022, LSU and LSU AgCenter moved to dismiss the Second Amended Complaint, asserting that (1) the Court lacks subject matter jurisdiction over the ADA, ADEA, LEDL, and USERRA claims in light of sovereign immunity under the 11th Amendment of the United States Constitution, (2) Plaintiff failed to state a claim under VEVRAA and the Rehabilitation Act, and (3) LSU and the LSU AgCenter lack the capacity to be sued. (R. Doc. 23).

On February 7, 2023, the district judge granted in part, and denied in part, the foregoing Motion to Dismiss, dismissing all claims against LSU and the LSU AgCenter without prejudice, dismissing the USERRA and LEDL claims against the LSU Board of Supervisors without prejudice, and dismissing the VEVRAA claim against the LSU Board of Supervisors with prejudice. (R. Doc. 35; *see* R. Doc. 34). Plaintiff's claim under Section 504 of the Rehabilitation Act against the LSU Board of Supervisors remains.

On June 9, 2023, Plaintiff and the LSU Board of Supervisors, LaBorde, Bean, Guient, and Grunewald (collectively, "Defendants") submitted a joint Status Report. (R. Doc. 40). Plaintiff stated that she had "requested a Hearing under the Initial Complaint" whereas Defendants represent that they "will request a jury trial in [their] answer to the [Amended

Complain] that will be filed now that the Order on the Motion to Dismiss has been issued." (R. Doc. 40 at 7).[2] This was the first indication by Defendants that they were seeking a jury trial. Based on the joint submission, the undersigned issued a Scheduling Order setting a 2-day jury trial to commence on October 7, 2024. (R. Doc. 41).

On January 25, 2024, the Clerk's Office filed into the record Plaintiff's Motion Requesting Assignment of Counsel, Order Bench Trial or Close Case. (R. Doc. 44). Through this motion, Plaintiff requested the appointment of an employment discrimination attorney to represent her in this action because "[l]itigating this matter alone is causing panic attacks, loss of enjoyment of life and restlessness." (R. Doc. 44-1 at 2-3). If the Court could not appoint an attorney to represent her, Plaintiff moved for "a bench trial instead of a jury trial" to ensure that she would receive a fair proceeding. (R. Doc. 44-1 at 3). Finally, if the Court would not appoint an attorney and set the matter for a bench trial, Plaintiff "agree[d] to have this matter closed." (R. Doc. 44-1 at 3).

That same day, Defendants opposed the motion to the extent that it seeks a bench trial. (R. Doc 42). The Defendants also filed an Answer to Plaintiffs' Second Amended Complaint with Jury Demand. (R. Doc. 43).

On February 7, 2024, the Court denied, without prejudice, Plaintiff's Motion Requesting Assignment of Counsel, Order Bench Trial or Close Case. (R. Doc. 51). First, the Court specifically denied Plaintiff's motion to the extent it sought appointment of counsel. (R. Doc. 51 at 3-5). Considering the record, including the potential for dismissal of this action, the Court required the parties to submit additional briefing on the issue of whether this action should

---

[2] Plaintiff did not demand a trial by jury in her pleadings. (*See* R. Docs. 1, 8, 12).

3

proceed as a jury trial or bench trial, including whether Defendants' Answer and Request for Jury Demand are timely. (R. Doc. 51 at 5- 9).

On February 14, 2024, Defendants timely filed a written memorandum to show cause why their Answer and jury demand should not be struck from the record as untimely. (R. Doc. 54). Plaintiff, however, did not file a written response within the deadline set by the Court.

Having considered the record, including Plaintiff's failure to submit any written memorandum in response to the Court's order, the Court concludes that it is appropriate to dismiss this action as requested by Plaintiff.

## II. Law and Analysis

### A. Defendants' Answer

Defendants did not file a timely responsive pleading or Rule 12(b) motion. The record indicates that Defendants were served with process on July 18, 2022. (*See* R. Doc. 21). Defendants filed their Answer on January 25, 2024. (R. Doc. 43). Defendants do not dispute that this filing was untimely under Rule 12(a).[3]

Prior to filing their Answer, Defendants did not timely seek an extension of their deadline to file responsive pleadings under Rule 6(b)(1)(A) of the Federal Rules of Civil Procedure or Local Rule 7(a). Moreover, Defendants filed their untimely Answer into the record without filing an appropriate motion demonstrating excusable neglect for the untimely filing. *See* Fed. R. Civ. P. 6(b)(1)(B)("[W]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to

---

[3] The current Defendants are represented by the same counsel who represented the former defendants LSU and the LSU Ag Center. There is no dispute that Defendants did not join the separate Motion to Dismiss brought by LSU and the LSU Ag Center (R. Doc. 23). Even if Defendants had joined that motion, they failed to file a responsive pleading (or Rule 12(b) motion) within 14 days after notice of the district judge's ruling on February 7, 2023. *See* Fed. R. Civ. P. 12(a)(4)(A).

4

act because of excusable neglect."). In this circumstance, the district court may permit the filing of an untimely answer only if the court finds that the defendant's failure to comply with the deadline to answer was a result of "excusable neglect." *See L.A. Pub. Ins. Adjusters, Inc. v. Nelson*, 17 F.4th 521, 524 (5th Cir. 2021).

In evaluating "excusable neglect," this Court considers "(1) the possibility of prejudice to the other parties, (2) the length of the applicant's delay and its impact on the proceeding, (3) the reason for the delay and whether it was within the control of the movant, and (4) whether the movant has acted in good faith." *Agee v. City of McKinney, Tex.*, 593 F. App'x 311, 314 (5th Cir. 2014) (citing *Salts v. Epps*, 676 F.3d 468, 474 (5th Cir. 2012)). "Proof of good cause requires at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013) (citing *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985)).

Having considered the record, the Court finds it appropriate to allow the untimely filing of Defendants' Answer under Rule 6(b)(1)(B). Foremost, there is no possibility of prejudice to Plaintiff, who has not challenged the timeliness of the Answer despite having been provided the opportunity to do so. While the Court recognizes that Defendants did not file a responsive pleading for over a year after they were served with process, Plaintiff did not seek entry of default, or a default judgment, under Rule 55. The very issue of the untimely Answer was raised *sua sponte* by the Court.[4]

---

[4] Indeed, the Court is only considering the timeliness of the Answer because Defendants' written jury demand is embedded in this responsive pleading. As discussed below, Rule 38(b) allows a party to demand a jury trial by serving a "written demand" for a jury trial, "which may be included in a pleading." Fed. R. Civ. P 38(d) (emphasis added). Defendants chose to embed their "written demand" for a jury trial in an untimely responsive pleading. Had Defendants filed a separate "written demand" for a jury trial as allowed under Rule 38(b), the Court would not have needed to consider the timeliness of the Answer in the first place.

Moreover, Defendants represent that their counsel "suffered a severe injury in January 2023" and was on Family Medical Leave Act ("FMLA") leave "during most of 2023 and not working a [full-time] schedule until January, 2024." (R. Doc. 54 at 2). Defense counsel's medical issues support a finding of excusable neglect. *See Perez v. El Tequila, LLC*, 847 F.3d 1247, 1253 (10th Cir. 2017) ("A lawyer's medical problems or serious health challenges may be an adequate justification for delayed filings, and therefore can be sufficient for a finding of excusable neglect.").[5] Finally, Defendants appear to have acted in good faith in seeking to remedy the issue immediately after Plaintiff filed her Motion Requesting Assignment of Counsel, Order Bench Trial, or Close Case (R. Doc. 44).

Again, Plaintiff has failed to raise any arguments in support of a finding that Defendants' Answer (R. Doc. 43) should be struck from the record as untimely. Accordingly, the Court will allow the untimely filing under Rule 6(b)(1)(B), and turn to the issue of whether the embedded written jury demand is timely.

**B.      Defendants' Written Jury Demand**

The right to a jury trial in a civil action is provided by the Seventh Amendment, which states the following: "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law." U.S. Const. amend. VII. "The right to a jury in a federal court as declared by the Seventh Amendment is a basic and fundamental feature of our system." *Swofford v. B&W, Inc.*, 336 F.2d 406, 409 (5th Cir. 1964); *see* Fed. R. Civ. P. 38(a) ("The right of trial by jury as

---

[5] The Court is less convinced that the "numerous amendments to the original Petition" constitute any basis for failure to file a timely Answer. (*See* R. Doc. 54 at 3). Plaintiff only filed two pleadings into the record. (*See* R. Docs. 1, 12).

6

declared by the Seventh Amendment to the Constitution—or as provided by a federal statute—is preserved to the parties inviolate.").

Nevertheless, "[t]he right of jury trial requires a timely written demand." *Hill v. Auto-Owners Ins. Co.*, No. 19-00499, 2021 WL 2072120, at *2 (M.D. La. May 24, 2021) (citing Fed. R. Civ. P. 38(b)); *Scottsdale Ins. Co. v. Com. Tire of Louisiana, Inc.*, No. 15-00392, 2016 WL 1445879, at *2 (M.D. La. Mar. 22, 2016)). "On any issue triable of right by a jury, a party may demand a jury trial by: (1) serving the other parties with a written demand—which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served; and (2) filing the demand in accordance with Rule 5(d)." Fed. R. Civ. P. 38(b). "A party waives a jury trial unless its demand is properly served and filed." Fed. R. Civ. P. 38(d). Notwithstanding the waiver of the right to a jury trial, "the court may, on motion, order a jury trial for which a jury might have been demanded." Fed. R. Civ. P. 39(b).

"It is well-settled in the Fifth Circuit that the decision to grant a Rule 39(b) motion for relief from waiver of a jury trial is discretionary with the district court." *Bross v. Chevron U.S.A., Inc.*, No. 06-1523, 2007 WL 4365364, at *2 (W.D. La. Dec. 7, 2007). "In this circuit, a district court generally should grant a Rule 39(b) motion to permit a jury trial 'in the absence of strong and compelling reasons to the contrary.'" *Fredieu v. Rowan Companies, Inc.*, 738 F.2d 651, 654 (5th Cir. 1984) (quoting *Swofford*, 336 F.2d at 408). "But it is not an abuse of discretion to deny a Rule 39(b) motion 'when the failure to make a timely demand for a jury trial results from mere inadvertence on the part of the moving party.'" *Fredieu*, 738 F.2d at 654 (quoting *Bush v. Allstate Ins. Co.*, 425 F.2d 393, 396 (5th Cir. 1970)). The Fifth Circuit has identified the following five factors for consideration in resolving a Rule 39(b) motion:

(1) whether the case involves issues which are best tried to a jury;

7

>(2) whether granting the motion would result in a disruption of the court's schedule or that of an adverse party;
>(3) the degree of prejudice to the adverse party;
>(4) the length of the delay in having requested a jury trial; and
>(5) the reason for the movant's tardiness in requesting a jury trial.

*Daniel Int'l Corp. v. Fischbach & Moore, Inc.*, 916 F.2d 1061, 1064 (5th Cir. 1990) (citing *Parrott v. Wilson*, 707 F.2d 1262, 1267 (11th Cir. 1983)).

Here, Defendants concede that their written jury demand was untimely and seek relief under Rule 39(b). First, Defendants assert that the "sole issue" before the Court is whether Plaintiff can succeed on claims under the Rehabilitation Act. (R. Doc. 54 at 4).[6] The Rehabilitation Act provides that federally funded programs cannot discriminate against an "otherwise qualified individual with a disability in the United States." 29 U.S.C. § 794. The Fifth Circuit has held that whether an individual is "qualified" under the Rehabilitation Act is primarily a finding of fact. *See Leckelt v. Bd. of Comm'rs of Hosp. Dist. No. 1*, 909 F.2d 820, 827 (5th Cir. 1990). A factual dispute such as this is best left to a jury to decide. *See Hopson v. Quitman Cnty. Hosp. & Nursing Home, Inc.*, 126 F.3d 635, 640 (5th Cir. 1997) ("[Q]uestions of fact. . . are better left to the jury with its traditional function of assessing human behavior and expectations.").

Second, allowing this action to proceed as a jury trial would cause no disruption in the schedule of the Court or the Plaintiff. Since June 26, 2023, this action has been set for a two-day jury trial to begin on October 7, 2024. (R. Doc. 41 at 2). Granting relief under Rule 39(b) would simply maintain the jury trial already scheduled to take place.

---

[6] In dismissing the claims against LSU and LSU AgCenter, the district judge concluded that Plaintiff's claim under Section 504 of the Rehabilitation Act against the LSU Board of Supervisors remains. (R. Doc. 35; *see* R. Doc. 34). The Court does not now take any position regarding whether any other claims remain against the current Defendants.

8

Third, allowing this action to proceed as a jury trial would not prejudice Plaintiff. Again, Plaintiff has been aware of the scheduled jury trial since June 26, 2023. After the action was set as a jury trial, Plaintiff did not seek any relief with respect to the jury trial until the filing into the record Plaintiff's Motion Requesting Assignment of Counsel, Order Bench Trial or Close Case on January 25, 2024. (R. Doc. 44). Plaintiff asserted in that motion that she could only achieve a fair trial if it proceeded as a bench trial:

> If this Court can't legally appoint an employment discrimination attorney to represent me as plaintiff, I further move this court to order a bench trial instead of a jury trial. As a legal novice, I believe a bench trial will allow me and the Defendants to have a fair proceeding. This Court has a legal obligation to obey the law under this matter, but the general public (acting as jury members) do not. The LSU defendants made a mockery of me under this matter, and I also believe a bench trial will prevent the public from subjectively deciding this matter based on possible family, monetary or personal ties to LSU.

(R. Doc. 44-1 at 3). Notwithstanding Plaintiff's concerns regarding the underlying fairness of trial by jury, Plaintiff has not demonstrated that Defendants' <u>delay</u> in formally seeking a jury by written demand has caused her any prejudice. This action had been set to proceed as a jury trial for seven months prior to the filing of Plaintiff's motion seeking a bench trial. Accordingly, Plaintiff has not demonstrated any prejudice with respect to this action proceeding as a jury trial. *See Daniel Int'l Corp*, 916 F.2d at 1064 ("[G]iven the length of time the case was carried on the jury calendar, no prejudice to Daniel was shown. Indeed, any prejudice here would be to F & M, which was reasonably entitled to expect its case would be tried to a jury.").

Finally, while Defendants delayed formally requesting a jury trial in writing, Defendants assert that the delay was caused by "an inadvertent oversight due to [defense] counsel's FMLA leave." (R. Doc. 54 at 5). The Court recognizes that the placement of this action on the Court's jury calendar may have influenced Defendants' decision regarding whether to make a formal jury demand. Given that the Court set this action for a jury trial, Plaintiff's inaction in objecting

9

to the jury date set by the Court weighs more heavily than Defendants' delay in making a formal jury demand. *See Daniel Int'l Corp*, 916 F.2d at 1065.

Having considered the record, including the lack of any opposition, the Court finds no strong and compelling reason to deny relief under Rule 39(b). Even if the primary reason for failure to file a timely written jury demand was inadvertence, this mere inadvertence does not justify denial of relief under Rule 39(b) given that there are no other factors justifying denial of relief. *Carr v. Wal-Mart Stores, Inc*., 138 F.R.D. 80, 82 (M.D. La. 1991) ("Balanced against these rather compelling reasons, the Court, in the exercise of its discretion under Rule 39(b), does not find that the fact that counsel's failure to timely request a jury trial resulted from mere inadvertence justifies denial of the request for relief under Rule 39(b) in this case.").

For the foregoing reasons, the Court finds it proper to exercise its discretion under Rule 39(b) to require this action to proceed by jury trial.

### C. Voluntary Dismissal of this Action

The record is clear that Plaintiff seeks voluntary dismissal of this action. Indeed, when Defendants served written discovery on Plaintiff on December 18, 2023, Plaintiff responded as follows: "[I'm] not dealing with this stressful sh** anymore. My therapist has recommended that [I] take care of myself and I am filing a motion to close the matter." (R. Doc. 54-2).

As discussed above, Plaintiff's Motion Requesting Assignment of Counsel, Order Bench Trial, or Close Case was filed into the record on January 25, 2024. (R. Doc. 44). Having denied Plaintiff the appointment of counsel, the Court provided Plaintiff with an opportunity to argue that Defendants waived their right to a jury trial. (R. Doc. 51). Plaintiff failed to file any written memorandum in support of such a finding. Plaintiff has also otherwise failed to file any written

indication that she is withdrawing her request for dismissal of this action should it proceed as a jury trial.

Given the record, the Court finds it appropriate to conclude that Plaintiff is seeking voluntary dismissal of this action, under Rule 41(a)(2), given the denial of assignment of counsel and the foregoing recommendation that this action proceed as a jury trial as previously scheduled.

### III.  Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that the district judge conclude that Defendants' Answer and Jury Demand are deemed timely, and that this action will proceed by a jury trial.

**IT IS FURTHER RECOMMENDED** that, considering the relief sought by Plaintiff in her Motion Requesting Assignment of Counsel, Order Bench Trial, or Close Case (R. Doc. 44), and Plaintiff's failure to file any written response opposing the Court's order to show cause why this action should proceed as a jury trial, that the district judge **DISMISSED WITHOUT PREJUDICE** Plaintiff's remaining claims against the LSU Board of Supervisors, Dr. Lucien Laborde, Ms. Karen Bean, Mrs. Monica Guient, and Mr. Hampton Grunewald in the Second Amended Complaint (R. Doc. 12).

Signed in Baton Rouge, Louisiana, on March 13, 2024.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**